IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAWN REED, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-25-903-SLP |
| | ) |
| JUDGE LOUIS DELL, in his official capacity | ) |
| as a Judge presiding in FP-2017-0015, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**O R D E R**

Before the Court is the First Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Doc. No. 7] filed by Petitioner Shawn Reed, appearing pro se.[1] Mr. Reed "petitions this Court for a Writ of Habeas Corpus to inquire into the legality of restraints on his liberty arising from orders in Case. No. FP-2017-15, Pottawatomie County District Court" in the State of Oklahoma.[2] *Id.* at 1. Upon review, the Court finds Mr.

---

[1] Federal Rule of Civil Procedure 15(a) permitted Mr. Reed to amend his pleading "once as a matter of course" where no defendant has filed a responsive pleading. *See id.*; *see also* Rule 12 of the Rules Governing Section 2254 Proceedings ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). The First Amended Petition for Writ of Habeas Corpus [Doc. No. 7] supersedes Mr. Reed's original Petition for Writ of Habeas Corpus [Doc. No. 1]. *See Giles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990) (a "pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified." (citation omitted)).

[2] The Court takes judicial notice of the state court docket in the underlying case, which is a paternity action initiated by Mr. Reed in 2017 and is currently the subject of an appeal to the Supreme Court of Oklahoma. *See Reed v. Cornelius*, Case No. FP-2017-015, available at www.oscn.net

Reed's claims are not cognizable under § 2254 and therefore this action must be dismissed for lack of jurisdiction.

Mr. Reed claims the orders entered in the underlying state court action "impose passport revocation, severe visitation restrictions, retroactive child support, religious prohibitions, and denial of fair proceedings, causing irreparable harm to [his] liberty, parental rights, and the rule of law."  Pet. [Doc. No. 7] at 1.  His factual allegations are based on events that allegedly occurred in the child custody proceedings that resulted in Defendant Stacy Cornelius being granted custody of the child and awarded retroactive child support.  *See id.* at 7-9.  Mr. Reed asserts claims for violations of federal constitutional and statutory law, in addition to violations of Oklahoma statutes.  *Id.* at 10-13.  He seeks "a Writ of Habeas Corpus enjoining enforcement of the custody, visitation, child support, psychological evaluation, and religious restriction orders in Case No. FP-2017-15," in addition to other declaratory or injunctive relief pertaining to orders entered in the state court proceedings.  *Id.* at 15-16.

Upon thorough review of the First Amended Petition for Writ of Habeas Corpus and Mr. Reed's other filings, the Court finds that his claims are not cognizable under § 2254. Section 2254 provides: "a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a) (emphasis added).  Mr. Reed does not allege, nor does anything in the record reflect, that he is "in custody in violation of the Constitution or laws or treaties of the United States."

"It is well established that '[t]he "in custody" language of § 2254 is jurisdictional and requires habeas petitioners to be "in custody" under the conviction or sentence under attack when they file the petition.'" *Erlandson v. Northglenn Mun. Ct.*, 528 F.3d 785, 788 (10th Cir. 2008) (quoting *Broomes v. Ashcroft*, 358 F.3d 1251, 1254 (10th Cir. 2004)); *see also Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001) ("The first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'" (quoting § 2254(a))); *Maleng v. Cook*, 490 U.S. 488, 490 (1989) ("The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" (quoting 28 U.S.C. § 2241(c)(3) and citing 28 U.S.C. § 2254(a))); *McIntosh v. United States Parole Comm'n.*, 115 F.3d 809, 811 (10th Cir.1997) (The "fundamental purpose" of a § 2254 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973))). Because Mr. Reed solely seeks habeas relief under § 2254, the court "lack[s] subject-matter jurisdiction over this action." *See Erlandson*, 528 F.3d at 788. Accordingly, this action must be dismissed.[3]

---

[3] Although courts generally may consider whether a petitioner's pro se claims could be liberally construed as civil rights claims, the Court declines to do so here. Petitioner has plainly and consistently expressed his intention to bring this as a habeas action. *See* [Doc. Nos. 1, 3, 7, 8]. He filed a Petition for Writ of Habeas Corpus and an Amended Petition for Writ of Habeas Corpus, and he has paid the $5.00 filing fee applicable solely to habeas actions. *See* 28 U.S.C.A. § 1914(a). An action bringing civil rights claims is subject to a $405.00 filing fee which Petitioner has not paid. As such, the Court declines to consider whether Petitioner's claims could be brought as civil rights claims.

IT IS THEREFORE ORDERED that Mr. Reed's First Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Doc. No. 7] is DISMISSED. A separate judgment shall be entered contemporaneously herewith.

IT IS SO ORDERED this 9th day of September, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE